# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### THIRD DISTRICT—MAY TERM, 1880.

PETER HAGER

v.

FRANK BUECHLER ET AL.

1. EQUITABLE JURISDICTION.—Where the holder of a note, which has been paid but not taken up, is induced to indorse the same after payment, and it is then taken by another without his consent. and a suit brought, and judgment rendered thereon against the maker, such indorser becomes liable to an action at the suit of the maker, and has such an interest that he may maintain a bill in equity to enjoin collection of such judgment and to set it aside.

2. ESTOPPEL.—The party obtaining such judgment cannot object that the indorser has been guilty of laches, or that he may have a complete remedy at law, because, by making use of a fraudulent indorsement to compel payment a second time, he has no equity to be protected.

APPEAL from the Circuit Court of Shelby county; the Hon. W. R. WELCH, Judge, presiding. Opinion filed June 29, 1880.

Messrs. HENRY & COOK, for appellant; that,where one party has been willfully deceived or misled by the other, relief will be granted without regard to the means by which the deception was effected, cited Harrison v. Edgesly, 9 Foster, 345;

(462)

Hager v. Buechler.

Denny v. Gilman, 26 Me, 149; Allen v. Addington, 7 Wood. 10; Kidney v. Stoddard, 7 Met. 252; 1 Smith's Lead. Cas. 303; Hamilton v. Quimby, 46 Ill. 90; Daggett v. Emerson, 3 Story, 733; Bethel v. Sharp, 25 Ill. 173; Wood v. United States, 14 Curtis, 339; Walton v. Life Ins. Co. 20 N. Y. 32.

The bill is not multifarious: Story's Eq. Pl. § 544; Whitbeck v. Edgar, 2 Barb. Ch. 106.

As to the contract of indorsement: 1 Daniell's Neg. Inst. 497; Story on Prom. Notes, 135; Ingalls v. Lee, 9 Barb. 649; Evans v. Gee, 12 Curtis, 345.

Buechler would hold the money collected on this judgment as trustee or agent of the complainant: Dunlap'sPaley on Agency, 62; Tenant v. Elliott, 1 B. & P. 3.

Generally as to the right to relief: Farm v. Russell, 1 B. & P. 296; 7 Vesey, 473; 13 Vesey, 313; Dunlap s Paley on Agency. 64; Bell v. Day, 32 N. Y. 173; Ogden v. Barker, 18 Johns, 91; Armstrong v. Toler, 6 Curtis, 587; Brooks v. Martin, 2 Wall. 78.

Messrs. MOULTON, CHAFFEE & HEADEN, for appellee; that the charges in the bill are repugnant, and no relief can be had, cited 2 Daniell's Ch. Pr. 243.

Granting an injunction is matter of discretion: 2 Story's Eq. Jur. § 863; Dickey v. Rees, 78 Ill. 261.

An injunction is preventive only; affirmative relief cannot be granted: Wangelin v. Goe, 50 Ill. 459; Fisher v. Board of Trade, 80 Ill. 85; Baxter v. Board of Trade, 83 Ill. 146.

The remedy is at law: Crumpton v. Baldwin, 42 Ill. 165; Winkler v. Winkler, 40 Ill. 179.

Complainant is estopped by his own laches: Bigelow on Estoppel, 468; Hall v. Fullerton, 69 Ill. 448; Cox v. Montgomery, 36 Ill 396; Perry on Trusts, § 870; Carpenter v. Carpenter, 70 Ill. 457.

Chancery will not lend its aid to either party to a suit which has arisen out of an attempt of both to defraud another: Dunning v. Bathrick, 41 Ill. 425; Craft v. McConoughy, 79 Ill. 346; Neustadt v. Hall, 58 Ill. 172; Skeels v. Phillips, 54 Ill. 309; Jerome v. Bigelow, 66 Ill. 452; 2 Story's Eq. § 697.

Complainant is not entitled to be subrogated to the rights of Buechler: Bishop v. O'Connor, 69 Ills., 431; Conwell v. McCowan, 53 Ill., 364; Lewis v. City Nat. Bank of Cairo, 72 Ill., 453 ; Darst v. Bates  51 Ill. 439; Bassett v. Lockard, 60 Ill. 164; Dixon on Subrogation, 122.

McCulloch, P. J.   This was a bill in equity brought by appellant against appellee, Frank Buechler and one Schwartz.  The court below sustained a demurrer to the  amended bill and dismissed the same, and appellant brings that decision to this court for review.

A demurrer  had  been  sustained  to  the  original bill, and, upon taking leave to amend, appellant filed an entirely new bill,· which he now claims to be a substitute for the original.  On the other  hand, appellee's counsel contend that the original bill is still a part of  the  pleading in this case, and insist that because of repugnancy between the allegations of the  original and the bill as amended, the demurrer was properly sustained. We do not regard the alleged discrepancies of so material a character as to destroy the bill, but when we read the two documents together as one pleading, as we are asked by appellees' counsel to do, we find matter well pleaded and admitted by the demurrer sufficient to entitle appellant to some measure of equitable relief.   It sufficiently  appears that about the first of January, 1872, appellant sold  certain lands to said Schwartz, and to secure the purchase money took five promissory notes secured by mortgage, the last of which notes became due about January, 1877; that appellant assigned said notes, and when the last of them  became due, it was paid by Schwartz; that after such payment the last of the series of notes, or a copy thereof, remained in the possession of appellant.

The bill then proceeds to set out that while said note, or said copy, was in the possession of appellant, his wife (whose daughter, by a former husband, Buechler had married), by artifice and fraud, in which Buechler was a participant, procured him to sign his name in blank upon the same, and against his protest retained the same in her possession; that afterwards, and without appellant's knowledge  or  consent,  his  wife  transferred  said

note, or copy of note, to said Buechler, who brought suit thereon against said Schwartz, and recovered a judgment against him for the sum of $1,616.89, which judgment he threatens to collect, and to convert the proceeds thereof to his own use; that he is a resident of the State of Ohio, and insolvent; that appellant had no knowledge of the transfer of said note to Buechler until after the rendition of said judgment; that such transfer was without consideration, and fraudulent, and that, because of these inequitable proceedings on the part of Buechler, appellant is in danger of being dragged into litigation, and of being harassed with suits on account thereof. In addition to the charge of repugnancy, it is objected that the bill shows no interest in appellant in the subject-matter of the litigation, the note having been paid, and he having a full and ample defense at law in any suit that might be brought against him on his indorsement; and, moreover, that he has been guilty of laches in not asserting his rights at an earlier day, or in not recovering the note from his wife before its transfer to Buechler; all of which objections might be worthy of some consideration if. it appeared that Buechler had a spark of equity to be protected But he has none. The bill shows that he is making use of a fraudulent indorsement of the note, to compel Schwartz to pay the same a second time, and it does not lie with him to call in question the acts of complainant, or to allege that Schwartz has had his day in court, or has failed to make good his defense.

Nor do we regard it as anything against the merits of the bill to admit that the suit is brought for the relief of Schwartz, if that end can be accomplished. Appellant is not bound in morals to stand by and say nothing, while Buechler is making a fraudulent use of his name to swindle Schwartz. We know of no good reason why Schwartz did not have a good defense at law to the suit brought upon the note, but it does appear, from the bill, that Buechler has an unjust judgment against him, and that this judgment has been obtained through the fraudulent use of appellant's name as indorser. If he be permitted to go on and consummate the fraud by collecting the money, and if this is done with appellant's knowledge, and

without any efforts on his part to stay the hands of the wrong-doer, we cannot see why he might not be sued by Schwartz for a recovery of the money the latter had paid him on the note, or for participation in a fraudulent conspiracy to cheat him out of that much money, to say nothing of his liability to a criminal prosecution for forgery or issuing fraudulent paper.

It appearing, therefore, from the allegations of the bill, that said Buechler, without having any right thereto, either in law or equity, is using appellant's name for the purpose of defraud-ing Schwartz in such a manner as may lead appellant into divers suits at law, without any hope of redress from said Buechler, who is a non-resident and insolvent, we think a case is made which entitles appellant to an injunction against said Buechler, to stop him in his fraudulent career, and also to a surrender of said note, or the cancellation of said judgment.

The judgment of the court in sustaining the demurrer to the amended bill was, therefore, erroneous, and for this reason the decree is reversed, and the cause remanded.

Decree reversed and remanded.